### NEITSCH et ux. v. THIELEMANN.
### No. 9465.

Court of Civil Appeals of Texas. Galveston.
Nov. 18, 1930.

E. C. Overall, of Gonzales, for appellants.

Searcy & Hodde, of Brenham, for appellee.

LANE, J.

This suit was brought by Fred Thielemann against H. R. Neitsch and his wife, Anna, to recover upon eight notes executed and delivered by them to him, aggregating in amount $2,050, together with interest and attorney's fees, and for a foreclosure of a deed of trust executed and delivered by defendants to him on 216 acres of land in Gonzales county, Tex., to secure payment of said notes.

The defendants answered by general denial, and specially alleged that they became the owners of the land covered by the deed of trust executed by them on or about October 24, 1921, and that they immediately moved upon it and made it their homestead, and that from such time they had continued to occupy the same as their home, and were so occupying it at the time of the execution of the deed of trust described in plaintiff's petition. They asserted that they claim 200 of the 216 acres as their homestead. They declared that said deed of trust casts a cloud upon their said homestead, and prayed that such cloud be removed as against 200 acres of the 216 acres claimed by them as their homestead.

By supplemental petition plaintiff alleged that the deed of trust was prepared and executed by defendants; that before defendants prepared the deed of trust, and before they executed the same and the notes secured thereby, they told plaintiff that they would give him a deed of trust on lands that formed no part of their homestead; that they told him they owned more than 400 acres of land in Gonzales county, Tex., and that they would give him a deed of trust on the land not claimed by them as their homestead; that in said deed of trust both of the defendants made an affidavit, swearing that the lands therein described formed no part of their homestead, or homestead exemption; that plaintiff relied upon such statements and representations, and by reason thereof extended to defendants the loan and accepted such deed of trust to secure the repayment of the same. Therefore defendants are estopped from claiming the lands described in such deed of trust as exempt to them as their homestead.

The cause came on for trial at the March term of the court for 1929. At such term, the defendants, desiring a continuance of the cause to the September term, by and through their counsel verbally agreed that, if counsel for the plaintiff would agree to such continuance, defendants would release their claim of homestead to the land involved and pay plaintiff $500 in the event defendants failed to be at the September term of court for 1929. Plaintiff verbally accepted such proposition, and upon such verbal agreement the cause was continued by the court and reset for trial on the 13th day of September, 1929. There is nothing in the record, however, to show that the court was informed of the conditions upon which such agreement was had, prior to the time such continuance was entered.

On September 12th Mrs. Anna Neitsch, one of the defendants, filed her motion for a continuance, in which she alleged that she was very ill and under the care of Dr. John A. Maness, and was unable to attend the court, which was 100 miles from her home, on the 13th of September, 1929, and that as a party defendant she is entitled to be present in person in court to meet the charges of the plaintiff and to give her own testimony, which is material to defendants' cause. She alleged that "such continuance is not sought for delay only but that justice may be done."

The court overruled such motion and postponed the trial of the cause to September 27, 1929.

On the day last mentioned Mrs. Anna Neitsch, by her counsel, filed a second motion for continuance, renewing the allegations of her first motion, and on the same day defendant H. R. Neitsch filed his motion for a continuance, alleging therein that it was his first motion for a continuance. He alleged that he cannot safely go to trial without the evidence of the defendant Anna Neitsch, whose testimony is material; that the testimony of such party cannot be had from any other source; that said defendant Anna Neitsch, if present, would testify to all facts necessary to show that the land involved in the suit was, at the time of the execution of the deed of trust by defendants, the homestead of defendants. He alleges that he had exercised due diligence to procure the testimony of said witness, but that he has been unable to do so because of the serious illness of the witness, and that because of such illness he would not be able to procure the testimony of said witness during the September term of the court; that such motion is not for the purpose of delay only, but that justice may be done.

The motions of both defendants filed on the 27th of September, 1929, were taken under

consideration by the court, and, the same being contested by the plaintiff, evidence for and against them was heard. After such hearing, both motions were by the court overruled, to which ruling of the court defendants duly excepted.

The cause then proceeded to trial on its merits before a jury upon special issues submitted by the court. All issues submitted were found favorable to the plaintiff, and judgment was accordingly rendered for the plaintiff, and from such judgment defendants have appealed.

▆ Appellants, insisting that the motion for a continuance filed by the defendant H. R. Neitsch on the 27th day of September, 1929, was his first motion for a continuance, make the further contention that the court erred in overruling such motion.

Appellees, on the other hand, contend that the cause was first set for trial at the March term, 1929, of the court, and was at such term continued upon a motion for a continuance made by appellants to the September term, 1929; that such motion was appellant H. R. Neitsch's first motion for a continuance, and that the motion filed by him on September 27 was his second motion, and that it was not governed by that provision of article 2168, Revised Civil Statutes of 1925, which is that "on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source"; that the motion in question did not state that such absent testimony could not be procured from any other source; wherefore the court did not err in overruling such motion.

The trouble with appellee's contention is that it is not supported by anything in the record, but is directly refuted by appellants' bill of exception No. 1, which is approved by the trial court without modification, wherein it is stated that the motion for a continuance filed by H. R. Neitsch was his first motion for a continuance.

Under this state of the record we must presume that said motion filed September 27, 1929, was appellant H. R. Neitsch's first motion for a continuance; that upon it, and the facts shown upon a hearing of it, appellant H. R. Neitsch was as a matter of law entitled to the continuance prayed for.

▆ We are also of opinion that the motion for a continuance filed in behalf of appellant Anna Neitsch on September 27, 1929, should, upon the undisputed facts shown, have been sustained.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.